IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| PINKIE LYLES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-1648 |
| | § | |
| TEXAS ALCOHOLIC BEVERAGE | § | |
| COMMISSION | § | |

## OPINION AND ORDER

Before the Court is the Motion of Defendant, Texas Alcoholic Beverage Commission (TABC) to Strike the First Amended Complaint of Plaintiff, Pinkie E. Lyles. Having given this matter careful consideration, the Court now issues this Opinion and Order.

On May 23, 2008, Lyles filed her original "Employment Discrimination Complaint" asserting that she had been unlawfully terminated from her employment at the Houston Office of the TABC on the basis of her race and color. After TABC had answered her complaint and a Scheduling Order had been entered, on August 12, 2008, setting a dispositive motion filing deadline of February 27, 2009, Lyles, on February 6, 2009, filed a "skeletal" First Amended Complaint adding, by title only, claims for hostile work environment, retaliation, gross negligence and aggravated conduct.

On February 23, 2009, TABC filed the instant Motion to Strike the First Amended Complaint because it was filed without the consent of TABC or leave of Court. On March 3, 2009, this Court, while recognizing the apparent merits of TABC's position, gave deference to Lyles' *pro se* status and Ordered her to file a response to TABC's Motion. On March 9, 2009, Lyles filed her timely response. In her response, Lyles argues that the "new" claims relate back

to the charge of discrimination she filed with the Texas Workforce Commission (TWC) and should, therefore, be allowed to go forward. Under these circumstances, this Court will now construe the filing of the First Amended Complaint as including an implicit Motion for Leave to file it and will address the merits of Lyles' implicit request which are "fleshed out" in her response.

Under Fifth Circuit precedent, a discrimination claimant is not required to assert all legal claims in her EEOC or appropriate state agency charge; rather, it is sufficient if the claimant asserts in her charge the facts which form the basis of her subsequent legal claims. Harris v. Parker College of Chiropractic, 286 F.3d 790, 795 (5th Cir. 2002) (citing Sanchez v. Standard Brands, 431 F.2d 455, 462 (5th Cir. 1970) ("In the context of a statute like Title VII it is inconceivable that a charging party's rights should be cut off merely because he fails to articulate correctly the legal conclusions emanating from his factual allegations. Surely the only procedural requirement which should confront a Title VII complainant is the requirement that he state, within the 90-day period, facts sufficient to trigger a Commission investigation.")) This "rule of reason" permits the scope of the Title VII suit to extend as far as the scope of the agency investigation could have reasonably grown out of the claimant's charge. Terrell v. U.S. Pipe & Foundry Co., 644 F.2d 1112, 1123 (5th Cir. Unit B 1981)   The rule also protects "unlettered lay persons making complaints without legal training or the assistance of counsel." Fine v. GAF Chemical Corp., 995 F.2d 576, 578 (5th Cir. 1993)   Obviously, the "rule" applies to Lyles who is before the Court *pro se*.

An examination of Lyles' original complaint reveals that she included with it, as Exhibit B, a copy of the Intake Questionnaire she submitted to the Texas Workforce Commission to initiate

her administrative discrimination charge.  On page 1 Lyles checked only "Race" and "Color" as the bases for her complaint.  However, on page 2 she alleged that she was terminated after her employer read "what I had written and sent to the Office of Professional Responsibility;" indeed, during the investigation of Lyles' charge TABC, through its Director of Human Resources, specifically responded to the TWC regarding this retaliation charge.  Furthermore, on pages 2 and 3, Lyles checked "Harassment" as an employment "harm or action taken against" her and explained, in some detail, the hostility she endured "from mid-May 2007" until her termination on September 13; TABC also specifically responded to this charge at the request of TWC.  Clearly, the charges of retaliation and hostile work environment "could reasonably be expected to grow out of the initial charges of discrimination," in fact, they did.  Accordingly, Lyles should be allowed to pursue these claims.

As to Lyles' claims of "Gross Negligence" and "Aggravated Conduct," it appears these are not claims at all, but are merely factual allegations which tend to support her discrimination claims.  Nevertheless, the Court feels reluctant to *sua sponta* dismiss these claims; it prefers to let TABC challenge their viability.

For the foregoing reasons, it is the opinion of this Court that Lyles should be permitted to file an Amended Complaint.  However, the Court finds that it would be unduly cumbersome to have to consider, collectively, her original complaint, First Amended Complaint and response to TABC's Motion to Strike in an effort to evaluate her lawsuit in the future.  Therefore, it is **ORDERED** that Lyles **SHALL**, on or before **March 20, 2009**, file a comprehensive Amended

Complaint addressing, with sufficient factual particularity, each and every claim and cause of action she is asserting against TABC.

It is further **ORDERED** that TABC's "Motion to Strike Plaintiff's First Amended Complaint" (Instrument no. 17) is **DENIED**.

As a result of this Order, TABC's pending Motion for Summary Judgment (Instrument no. 18) will be treated as one for partial summary judgment limited to Lyles' claims of race and color discrimination.

**DONE** at Galveston, Texas, this     11th     day of March, 2009.

John R. Froeschner
United States Magistrate Judge